# �civil 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### DEW v. BALDWIN & BROWN.

#### April 20th, 1893.

NEW TRIAL.—Defendants agreed to pay plaintiff $500 if their net profits
during a named period should be $3,000, or if, with continuous work
and proper management, they would reach that sum. The jury,
upon conflicting evidence, found for the plaintiff $500, which verdict
was set aside; and at the second trial, the law and facts being sub-
mitted to the court, it rendered judgment for the plaintiff for $49.50.

HELD:

Error in setting aside verdict of the jury upon an issue of fact as
to which the evidence was conflicting.

Error to judgment of circuit court of city of Richmond, in
an action of *assumpsit*, wherein John G. Dew was plaintiff
and David J. Baldwin and George W. Brown, partners as
Baldwin & Brown, and J. H. Webb-Peploe were defendants.
The judgment being adverse to plaintiff, he obtained a writ of
error and *supersedeas*.

*H. R. Pollard*, for plaintiff in error.

*Leake & Carter*, for defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

The action is *assumpsit*, and the declaration sets forth an
agreement in writing which he (the plaintiff) had with the
defendants, " to pay him the sum of one hundred dollars on
the 11th day of April, 1890, and the further sum of five hun-
dred dollars on the 1st day of October, 1890, provided it
should appear, on the said last-named day, that the net profits

realized by the said Baldwin & Brown and J. H. Webb-Peploe, between April 1st and October 1st, 1890, in the business in mining and shipping marl from Malvern Hill, in Henrico county, shall have aggregated the sum of three thousand dollars, or would have aggregated the said amount if the said business had been continuously and properly worked, according to the means and capital now commanded by said Baldwin & Brown and Peploe; and if their profits shall be less than said sum of three thousand dollars, then said last-named payment of five hundred dollars shall be in the proportion of five hundred dollars to three thousand dollars, according to the profit actually realized by said defendants between said dates."

The defendants demurred to the declaration, and the court overruled the demurrer; and thereupon the defendants pleaded the general issue, with an agreement that any evidence might be offered which would be admissible under any proper special plea. Upon the issue so made the jury found a verdict for the plaintiff for $500, which verdict, upon the motion of the defendants, the court set aside, as being contrary to the law and evidence, and granted a new trial; to which action of the court the plaintiff duly excepted, and spread the evidence upon the record. At the new trial, the whole matter of law and fact being submitted to the court, judgment was rendered for the plaintiff for the sum of $49.50, with interest from the 1st day of October, 1890; to which the plaintiff again excepted, and the court certified that the evidence on the second trial was the same as on the first.

We are of opinion that the court erred in setting aside the verdict of the jury upon the first trial, and in entering judgment for the plaintiff for the sum of $49.50 on the second trial. It should have rendered judgment for the plaintiff in the sum of $500, as found by the verdict of the jury.

The defendants rested their whole defense on the assertion that they had realized no net profit between April 1st and

October 1st, 1890, in the business of mining and shipping marl from " Malvern Hill."

This was purely a question of fact, which, upon a conflict of evidence, the jury determined against the defendants; and the court erred in setting aside the verdict of the jury, founded upon the heavy preponderance of the evidence for the plaintiff over the simple assertion of the defendants, in evidence, that they had not realized any profit between April 1st and October 1st, 1890, in the business of mining and shipping marl from " Malvern Hill." The plaintiff proved, by A. F. Carpenter, the skilled manager of the operations employed by the defendants, that there would have been a net profit of at least three thousand dollars had the business (according to the terms of the agreement) been continuously and properly worked, according to the means and capital now (then) commanded by the defendants. He says : " There was a large demand for the marl. More than one hundred tons a day could have been mined, and the profit was one dollar per ton; yet they [the defendants] systematically avoided doing anything to increase the production, and ordered everything shut down, I believe, on the 12th of April last, as Brown expressed it to me, to avoid their liability on a certain contract with you "—the plaintiff. Mr. Brown, one of the defendants, was examined as a witness for defendants, and he did not contradict this statement of the witness, Carpenter. The defendants were their only witnesses, and the jury evidently accepted the evidence of Carpenter, which fully and imperatively induced their verdict.

The judgment of the circuit court is wholly erroneous, and it is reversed and annulled ; and this court, proceeding to do what the circuit court of the city of Richmond should have done, will enter judgment for the plaintiff in error upon the verdict of the jury as rendered upon the first trial.

JUDGMENT REVERSED.